PAULINA SCHOENHOLZ, Appellant, *v.* NEW YORK LIFE INSUR-ANCE COMPANY, Respondent, Impleaded with SARAH SCHOENHOLZ, Defendant.

First Department, July 2, 1920.

Insurance — assignment of life insurance policy in consideration of marriage — reservation of power to change beneficiary — failure to comply with provisions of policy as to change of beneficiary — suit to enforce equitable assignment — service on foreign beneficiary by publication — action in rem.

In an action by the alleged equitable assignee of the proceeds of a life insurance policy against the company issuing the same and the beneficiary named therein who resides in a foreign country, it appeared that after said policy was issued reserving the right to change the beneficiary named without her assent, and providing a method for changing the beneficiary, the insured made a contract with the plaintiff by which in consideration of marriage he promised to assign to her the policy and take the necessary steps to effectuate such assignment; and that, although he delivered the policy to the plaintiff during his lifetime, he failed to comply with the formalities named in the policy.

*Held,* that the action is one *in rem,* and that the court acquired jurisdiction of the beneficiary named by service of the summons by publication;

That as the named beneficiary who did not appear in the action has no
   vested right in the policy, the defense of the company made in her behalf
   should not prevail as against the clear equity of the plaintiff who is entitled
   to the proceeds of the policy.

APPEAL by the plaintiff, Paulina Schoenholz, from a judg-
ment of the Supreme Court in favor of the defendant New
York Life Insurance Company, entered in the office of the
clerk of the county of New York on the 10th day of March,
1919, upon the decision of the court rendered after a trial at
the New York Special Term dismissing the complaint upon
the merits.

*Reuben Dorfman,* for the appellant.

*Louis H. Cooke* of counsel [*James H. McIntosh* with him
on the brief], for the respondent.

SMITH, J.:

The defendant company issued an insurance policy upon
the life of one Harry Schoenholz, payable in the event of his
death to the defendant Sarah Schoenholz, his sister, as
beneficiary.   Thereafter the said insured made a contract with
this plaintiff, by which in consideration of marriage he
promised to assign to her this policy of life insurance and
take the necessary steps to effectuate such assignment.   Under
the policy he had the right to change the beneficiary without
the assent of the beneficiary herself.   The policy was delivered
to the plaintiff who thereafter paid the premiums thereon.
In the policy there is a provision as to how a change of bene-
ficiary may be made.   The formalities required therein were
not complied with, the insured having neglected to make the
proper application before his death.   After his death the
plaintiff made claim to the policy upon the facts above stated,
and upon the refusal of the defendant to pay the same to
her she brought this action, making the defendant company
and the beneficiary named in the policy, Sarah Schoenholz,
who was in fact the sister of the insured, parties defendant.
Sarah Schoenholz resides in Austria and was not personally
served with process, but was served by publication.   This
action is defended by the insurance company, the defendant
Sarah Schoenholz named in the action not having appeared.

The defendant makes two contentions here, *first*, that this action cannot be maintained without the presence of Sarah Schoenholz, the beneficiary named in the policy, and that the service by publication was ineffective to make her a party defendant in the action. This to my mind is fully answered by the case of *Morgan* v. *Mutual Benefit Life Insurance Company* (119 App. Div. 645; affd., 189 N. Y. 447). In that case a policy of life insurance was issued upon the life of one Orson A. Morgan, made payable to his wife, and in case of her death before his death, to their children. Morgan was unable to pay the premiums due upon the policy, and he, and his wife joined in an assignment to Dayton A. Morgan to secure him for the payment of such premiums as he should make upon the policy in question. He made payments to the amount of about $4,500, the policy being for $5,000. The wife of Orson A. Morgan died before he did, whereupon under the policy the children became the beneficiaries thereof. The assignee of the policy, Dayton A. Morgan died and the plaintiffs were his trustees. The action was brought against the company and against the children who had become the beneficiaries under the policy and who were non-residents of the State and were served by publication. The purpose of the action was to impress a lien upon the policy for the amount of premiums paid under the assignment of said policy by the said Orson A. Morgan and his wife. In that case the court held that the action was in the nature of an action *in rem*, and that although the children were non-residents of the State, the court acquired jurisdiction over them by service by publication, and that the action affected the title to personal property within the State, and the power to direct substituted service was given by section 438 of the Code of Civil Procedure.

There was a further question in that case by reason of the fact that the defendant was a foreign corporation, but the court held that doing business in this State, having deposited securities in this State to authorize it to do business under the laws of the State, it was deemed to be a domestic corporation for the purposes of this action. This case would seem to establish that such an action is an action *in rem* and that the court has acquired jurisdiction of the absentee defendant

by service of the summons by publication on the ground that the property was a fund within the State. In that case, as in this, the insurance company defended. The action was of a similar nature to that in this case. The plaintiff here is not seeking to impress a lien upon this personal property within this State, but is seeking to be declared the equitable assignee thereof, and that such an interest be enforced.

The remaining question to be determined is as to whether under the terms of the policy the plaintiff procured any interest by the verbal assignment with the delivery of the policy for a valuable consideration. The learned trial judge held (106 Misc. Rep. 340) that no such interest was acquired as against the beneficiary named in the policy and based his decision upon the case of *Thomas* v. *Thomas* (131 N. Y. 205). But that was a case where there was an attempted change of beneficiary without consideration. There was no equitable interest sought to be enforced and it was there held that where the insured under a policy would change his beneficiary he must comply with the conditions specified in the policy. There are other cases cited in the respondent's brief which hold a similar rule, but they are all cases in which it is sought to change the beneficiary unaffected by the question of an assignment for a valuable consideration, wherein the assignee seeks to enforce an equitable interest as against the company and as against the beneficiary named in the policy. In the *Morgan* case the equitable interest sought to be enforced was the payment of the premiums for which the assignment was made. I am unable to see if such an equitable interest may be enforced as against a beneficiary named in the policy, why the equitable interest of an assignee for a valuable consideration could not be enforced with equal right. The difference is simply in the extent of the equitable interest. In the *Morgan* case it amounted to $4,500 as against a $5,000 policy. In the case at bar it amounts to a whole policy for $1,000. Nevertheless, the equitable interest is as strong in the case at bar as it was in the *Morgan* case, because the assignment was made and the policy delivered for a consideration recognized by the law as a valuable consideration. It is true in the *Morgan* case that a copy of the assignment was filed with the company and assented to by the company,

whereas, in this case no copy of the assignment was filed with the company.

The case of *Thomas* v. *Thomas* (131 N. Y. 205), upon which the opinion of the Special Term is based, is considered in the opinion of Mr. Justice WILLIAMS in the case of *Tidd* v. *McIntyre* (116 App. Div. 602), where it is said of the case: " There was no consideration for the change of beneficiaries, and the court held it was not a case where equity could interfere to remedy a defective execution of a power."

In *Hopkins* v. *Hopkins' Admr.* (17 S. W. Rep. 864) the Court of Appeals of Kentucky discusses the right of a beneficiary under a policy which authorizes the change of the beneficiary at the will of the insured. The opinion reads: " The general rule is that the right to a policy of insurance, and the money to become due under it, vests immediately upon its issuance in the person named in it as the beneficiary, and that this interest, being vested, cannot be transf.rred by the insured to any other person. (*Hume* v. *Bank*, 128 U. S. 195; 9 Sup. Ct. Rep. 41.) The vested right cannot be divested without the consent of the person invested with it. This is so as to insurance in both mutual and ordinary life insurance companies. This does not hold true, however, where the contract of insurance provides that the insured may change the beneficiary. The right of the one named in the policy is then subject to be defeated by the terms of the very contract naming him as the beneficiary. It is a condition of the contract, and his right is therefore subject to it." (See, also, *Hanna* v. *Stedman*, 185 App. Div. 491.)

In *Marcus* v. *St. Louis Mutual Life Insurance Company* (68 N. Y. 625) it is held that a policy of life insurance may be transferred by delivery without writing. Further: A policy of life insurance contained a clause declaring that it could be assigned only on the written approval of the company; it did not declare that a violation of the provision would avoid the policy. In an action thereon, held, that a violation of this provision did not involve a forfeiture; and that an assignee could enforce the policy, although the insurer had not consented to the assignment.

In *Tidd* v. *McIntyre* (*supra*) it was held that the insured, after the death of his wife, who had been named beneficiary,

went to live with a niece, making an oral agreement to leave her the proceeds of the policy in consideration of support, he being in feeble health. The promisee fully performed her part of the agreement and cared for the insured until his death. The rules of the insurer provided that any transfer of a certificate or interest therein by assignment was void unless made as provided by the rules. To effectuate such change a surrender of the old certificate was required, with a written request that a policy be issued to the new beneficiary and the payment of a fee. The insured attempted to comply with the rule by mailing his certificate to the insurer, requesting that his niece be designated as beneficiary. He also saw the recorder of the insurer personally and was told by him, under a mistaken impression, that the proposed beneficiary was the only niece of the insured, that she would get the benefits of the policy in any event, and that a change was not necessary. The policy was returned to the insured. Held, that, under the facts and rules aforesaid, equity would enforce the equitable assignment. In that case the money had been paid into court by the insurance company.

In *Smith* v. *National Benefit Society* (123 N. Y. 85) it is said: " Where the right of the payee has no other foundation than the bare intent of the member, revocable at any moment, there can be no vested interest in the named beneficiary any more than in the legatee of a will before it takes effect. But the statute does not prevent a contract between the parties by force of which a vested interest does pass, in which respect the present case differs from *Hellenberg* v. *Dist. No. 1, I. O. of B. B.* (94 N. Y. 580). There the designation was in the nature of an inchoate or unexecuted gift, revocable at any moment by the donor, and remaining wholly within his control. Here the transfer was a collateral security for an existing debt."

In *Sabin* v. *Phinney* (134 N. Y. 423) the court held the husband might designate any one as his beneficiary, whether he had an insurable interest or not, and that the wife never paid any assessments on her husband's certificate, *and there was no pecuniary consideration giving her a vested interest in the certificate.* The husband had, therefore, a right to change the beneficiary without his wife's consent.

In the case of *Kimball* v. *Lester* (43 App. Div. 27; affd.,

without opinion, 167 N. Y. 570) the action was against the association. The fund was paid in court and the other claimant made defendant. The member designated his wife the beneficiary in the certificate. There was a judgment against the husband. The defendant agreed to pay this judgment, and in consideration of such agreement the husband and wife both assigned their interests in the certificate to the defendant as collateral security for the repayment to him of the amount of the judgment. Defendant paid the judgment. The husband died. The wife claimed the whole fund. The court sustained the claim of the defendant to the part of the fund claimed by him, holding that the association waived the claim that the defendant was not a person to whom the certificate could be assigned who could be made a beneficiary, and that the assignment was not made as required by the rules of the association; that the wife could not avail herself of such non-compliance with the rules, and that the wife was estopped to allege the invalidity of the assignment.

In the case of *Fink* v. *Fink* (171 N. Y. 616) there was no consideration for the alleged transfer of the certificate or designation of beneficiary, and no vested interest in the certificate or fund. It was merely a question of the actual formal change of beneficiary.

In the case of *Lahey* v. *Lahey* (174 N. Y. 146) there was a consideration for the alleged change in the certificate and the beneficiaries therein designated, and a vested interest therein in behalf of the mother and the branch lodge of the association, and there was more or less discussion of these questions in the opinion, the decision being finally put upon the ground that the wife's retaining of the certificate and refusal to surrender it was wrongful and by reason thereof a proper transfer was prevented, and that she should not be permitted to profit by her own wrong, and equity should aid the mother and branch lodge, and consider that done which ought to have been done.

In finally closing the opinion in the *Tidd* case, Mr. Justice WILLIAMS says: " Where the designation is voluntary, a mere gift, the courts enforce quite strictly a compliance with the rules as to change of beneficiary, but not so where there is a consideration for the transfer and a vested interest in the

fund. In this case there was a consideration for a transfer, a vested interest in the fund, a clear intent to transfer and to make the plaintiff the sole beneficiary. The member supposed it was all right as he desired it to be, and as he had agreed it should be. The plaintiff had, in reliance upon the agreement to make her the sole beneficiary, performed fully on her part the agreement to care for her uncle. The failure to have the transfer made as provided by the rules was the result of the mistaken advice of the tent recorder. Equity requires that the plaintiff shall be regarded as the sole beneficiary, or the equitable assignee, and entitled to the whole fund. And the trial court was justified in so adjudging and ordering the judgment it did."

We are referred to no case on all fours with this case, and no authority has been cited which determines that the right of an equitable assignee of a policy cannot be enforced either as against the company or as against an adverse claimant for failure to conform to the formalities required by the policy for a change of beneficiaries or for an assignment of the policy. In some of the cases the company has paid the money into court and in other cases recognized an assignment made not in accordance with the rules of the company. In the case at bar the life insurance company does not claim the right to this money. It offers no defense that will entitle it to hold the money, but simply defends in the right of this former beneficiary, who clearly has no right to defend as against the equity of the plaintiff. I cannot see, where there is no right claimed in the insurance company to itself keep the funds, and to refuse to pay the policy to any one, why it can make any difference whether the fund remains with the insurance company, or whether the fund be paid into court. In the *Morgan Case* (*supra*) the fund was not paid into court and the company defended. Clearly the sister of the insured, the named beneficiary, has no vested right in the policy and the defense of the company made in her behalf should not prevail as against the clear equity of the plaintiff. Recognizing its liability to pay, it cannot matter to the insurance company to whom payment is made, and it may well be held that under such circumstances this defense would lie, if with any one, only with the defendant Schoenholz and not with the

insurance company to which it is clearly a matter of indifference whether or not the rules were complied with. It cannot be possible that plaintiff's rights can depend on the caprice of the insurance company to hold the fund or pay the same into court when its liability to one of the claimants is admitted. Where the judgment is binding on the adverse claimant the *res* should be deemed the moneys due whether paid into court or held by the company. If I am right in holding that the *Morgan* case establishes this to be an action *in rem*, so that the defendant Schoenholz is bound by this judgment, the insurance company is clearly protected, and in my judgment the action is maintainable.

The plaintiff has established her right to the proceeds of the policy, and the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, MERRELL and GREENBAUM, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event. Settle order on notice.