PAULINA SCHOENHOLZ, Respondent, *v*. NEW YORK LIFE INSURANCE COMPANY, Appellant, Impleaded with SARAH SCHOENHOLZ, Defendant.

First Department, May 27, 1921.

**Insurance — suit in equity to have plaintiff declared equitable owner of policy of life insurance and to recover proceeds thereof not action in rem — jurisdiction of non-resident defendant not acquired by service by publication.**

A suit in equity by a widow to have it declared that she is the equitable owner of a policy of insurance issued on the life of her husband payable, in the event of his death before a date specified, to his sister, who was

designated the beneficiary, and to have the designation of the beneficiary named therein canceled and declared null and void and to have it adjudged that the insurance company pay the proceeds of the policy to the plaintiff to whom the husband had promised to assign the policy in consideration of marriage, is not an action *in rem,* and, therefore, the court did not, by the service of the summons herein by publication, acquire jurisdiction of testator's sister, who was a non-resident of this State and did not appear.

Laughlin and Merrell, JJ., dissent, with opinion.

Appeal by the defendant, New York Life Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of December, 1920, upon the decision of the court rendered after a trial at the New York Special Term.

*Louis H. Cooke* of counsel [*James H. McIntosh* with him on the brief], for the appellant.

*Reuben Dorfman,* for the respondent.

Greenbaum, J.:

A previous judgment in this action in favor of the defendant New York Life Insurance Company rendered at Special Term of the Supreme Court dismissing the complaint upon the merits, was reversed upon appeal to this court. (192 App. Div. 563.)

It is unnecessary to state the facts which are sufficiently set forth for the purpose of this appeal in the opinion on the former appeal. We then held, in reliance upon the case of *Morgan* v. *Mutual Benefit Life Ins. Co.* (119 App. Div. 645; affd., 189 N. Y. 447), that this court acquired jurisdiction over the defendant Sarah Schoenholz by publication of the summons, although she did not appear. Since that opinion was pronounced, the Court of Appeals has handed down a decision in the case of *Hanna* v. *Stedman* (230 N. Y. 326), reversing 185 Appellate Division, 491, holding that service of the summons by publication upon a non-resident defendant does not confer jurisdiction over such defendant in an action brought for the purpose of determining conflicting claims to

moneys payable under membership certificates issued by an unincorporated fraternal beneficiary association under which it became bound upon the death of the member to pay the sum named in the certificate to the person designated as beneficiary under the rules and regulations of the association. The court held that such an action was not one *in rem.* The question in that case arose in an action of interpleader brought by the fraternal association for the purpose of determining the rights of various claimants to the moneys payable thereunder. In that action it appeared that one Ehrman was the holder of two certificates in each of which he named his wife as beneficiary. She predeceased her husband, who failed thereafter to make any other designation. Upon his death conflicting claims were presented to the moneys payable under the certificates by the representatives of the respective estates of Ehrman and his wife, and by other persons, including a son, all of whom excepting the son were non-residents of the State of New York. Service upon the representatives of Mrs. Ehrman's estate was made by publication without the State, but the parties so attempted to be served never appeared in the action. Judgment was finally rendered in favor of the son, who directed the moneys payable under the certificates to be paid to the representatives of Mr. Ehrman's estate, which was accordingly done.

In the course of its opinion the court stated: " While perhaps it would be difficult to describe all the superficial features which might be possessed by different actions and proceedings *in rem* and *quasi in rem,* it seems perfectly obvious that the action which we have described did not have any of the substantial and indispensable characteristics of such an action as they have been defined again and again. An action or proceeding *in rem* has for its subject specific property which is within the jurisdiction and control of the court to which application for relief is made. The action proceeds against such specific property and its object is to have the court define the rights therein of various and conflicting claimants. Jurisdictional control of the property affords the basis for service beyond its jurisdiction upon those who may be interested in its disposition. The result of such an action is a judgment which operates upon the property and which has no element of

personal claim or personal liability. There is no authority so far as we are aware holding that an action of interpleader is one *in rem*, but exactly the opposite view has been entertained. (*N. Y. Life Ins. Co.* v. *Dunlevy*, 241 U. S. 518, 521, 522.) A mere inspection of section 438 of the Code seems to make it so plain that the case was not one permitting service by publication under the provisions of that section on the ground that the action related to specific personal property, that we deem it unnecessary to discuss the proposition at length. It, however, seems to be thought and argued that even though it should be determined now that the action pending in the New York court was not one *in rem* which permitted jurisdiction of a non-resident party to be secured by service by publication, still the decision of that court that it was such an action was a binding adjudication which could not be escaped by the Maryland court. This of course is not so as to a fact necessary to confer jurisdiction. A court even of general powers cannot acquire jurisdiction merely by asserting it or determining that it exists. It cannot acquire jurisdiction of the person by asserting and finding his residence within the State when the undisputed facts conclusively show him to be a non-resident. And it cannot for the purpose of acquiring jurisdiction of a non-resident through service of the summons by publication assert and determine that the cause of action before it is of a character which permits jurisdiction by such service when the undisputed facts show conclusively that it is not such an one. The nature of the action in such a case is one of the jurisdictional facts and the court cannot determine in its favor the existence of jurisdiction when there is nothing to support such view. (*O'Donoghue* v. *Boies*, 159 N. Y. 87, 97–99; *Risley* v. *Phenix Bank of N. Y.*, 83 N. Y. 318, 337; *Pennoyer* v. *Neff*, 95 U. S. 714, 721; *Thompson* v. *Whitman*, 18 Wall. 457, 463, 469; *National Exch. Bank of Tiffin* v. *Wiley*, 195 U. S. 257; *Haddock* v. *Haddock*, 201 U. S. 562; *Reynolds* v. *Stockton*, 140 U. S. 254, 264, 265.)"

As already observed this court in deciding the former appeal in this case relied upon the case of *Morgan* v. *Mutual Benefit Life Ins. Co.* (119 App. Div. 645; aff'd., 189 N. Y. 447) and held that that action was similar in principle to this. In the light of the opinion in the *Hanna* case, how-

ever, it seems clear that the *Morgan Case* (*supra*) was not applicable to the facts in this case, inasmuch as in that case the action was brought for the purpose of impressing a lien upon the policy for the amount of premiums thereon, in order that plaintiff, as the actual assignee of the policy of insurance, might be reimbursed to the extent of the amount of money paid to keep the policy alive. In that case the policy was assigned by the insured as well as by the wife, who was the beneficiary therein named, so that title to the policy as such was firmly established in plaintiff. In the instant case there is an agreement to assign by the insured only, and although the plaintiff alleges that she paid the premiums after her marriage until the death of her husband, the action was not brought to recover the premiums paid upon the policy therefor, but for the recovery of the entire amount of the policy. Under these circumstances it seems to us that the facts in the instant case do not differ in principle from those appearing in the *Hanna Case* (*supra*).

It, therefore, follows that the judgment appealed from must be reversed upon the ground that the court never acquired jurisdiction over the defendant Schoenholz.

The judgment is reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., and DOWLING, J., concur; LAUGHLIN and MERRELL, JJ., dissent.

CLARKE, P. J. (concurring):

In *Hanna* v. *Stedman* (230 N. Y. 326) the fraternal beneficiary association had by special assessment collected and had in its possession the moneys required to be paid on its certificate. The Supreme Court of this State had expressly determined that it had jurisdiction of the non-resident claimants by service by publication and rendered judgment. In an action in Maryland the courts of that State held that the New York court had not obtained jurisdiction, and gave judgment for the Maryland claimants. Many years afterward — the association having paid the New York judgment — an action was brought here on the Maryland judgment, and the Court of Appeals decided as stated by Mr. Justice GREENBAUM.

It seems to me that there were presented facts establishing an action *in rem* far more persuasive than anything presented in the case at bar. Ordinarily we would be bound by our former decision. But it is our duty to follow as well as we can the law as laid down by the Court of Appeals, and in view of the emphatic rejection of the *in rem* theory in the *Hanna* case, I feel bound to accept its latest views and concur in the reversal of this judgment.

DOWLING and GREENBAUM, JJ., concur.

LAUGHLIN, J. (dissenting):

This is a suit in equity by the widow of Harry Schoenholz to have it declared that she is the equitable owner of a policy of insurance issued by the defendant on the life of her husband payable, in the event of his death before a date specified, to his sister, the defendant Sarah Schoenholz, who was designated the beneficiary, and to have the designation of the beneficiary named therein canceled and declared null and void, and to have it adjudged that the insurance company pay the proceeds of the policy to the plaintiff. The policy gave the decedent the right to change the beneficiary without her consent and to assign the policy, and contained provisions regulating a change of beneficiary and an assignment of the policy; but did not provide that compliance therewith should be a condition precedent to the validity of a change of beneficiary or of an assignment of the policy or that a change of beneficiary or an assignment without compliance therewith should be void. The insured died on the 24th of March, 1918, without having changed the beneficiary or having made a written assignment of the policy in the manner prescribed therein. The beneficiary designated in the policy was a resident of Austria and has been served by publication in the manner provided for such service by the Code of Civil Procedure, but she failed to appear. (See Code Civ. Proc. § 438 *et seq.;* Id. § 440, as amd. by Laws of 1918, chap. 309.) On a former trial of the issues the complaint was dismissed on the theory that this is not an action *in rem* and that the court did not acquire jurisdiction over the beneficiary. We held that it is an action *in rem* for an adjudication with respect to the

ownership of the policy which was within the jurisdiction of the court, and that the court acquired jurisdiction for that purpose over the beneficiary by service by publication, and that there was an equitable assignment and delivery of the policy to the plaintiff by the insured for a good and valuable consideration, namely, her agreement to marry him, and to pay the premiums, which she did, and the judgment was reversed and a new trial granted. (*Schoenholz* v. *New York Life Ins. Co.*, 192 App. Div. 563.) The evidence on the new trial is substantially the same as on the former trial; and the points now presented by the appellant are substantially the same as those presented on the former appeal, namely, that the court did not acquire jurisdiction over the beneficiary and that the assignment of the policy was invalid in that it was not made as therein provided. It is now proposed to overrule our former decision on the theory that it, in effect, has been overruled by *Hanna* v. *Stedman* (230 N. Y. 326). I am unable to agree with that view. In *Hanna* v. *Stedman* (*supra*) it was held that an action of interpleader brought by a beneficiary association, which had issued beneficiary certificates to a member payable on his death to a designated beneficiary who predeceased him, against conflicting claimants under the certificates, and to be relieved from liability by payment of the amount payable by it under the certificates as might be directed by the court, and to require the claimants to litigate between themselves their respective rights thereto, was not an action *in rem* or one affecting specific personal property within the provisions of subdivision 5 of section 438 of the Code of Civil Procedure, authorizing service on a non-resident defendant by publication. In that case the amount payable under the certificates had been collected from the members of the association, but had not been separately set apart or appropriated to the payment of the certificates; and the court held that the liability of the association was a mere personal liability to whoever might be entitled to collect of it the money, and that no right or title to or lien upon specific personal property was involved in the action of interpleader. The controlling principle enunciated by that decision is that to constitute an action one *in rem* there must be a prayer for

First Department, May, 1921.    [Vol. 197

the determination of rights with respect to specific property within the jurisdiction of the court and the judgment therein must operate upon the property, and that an action of interpleader is not such an action, for the reason that the plaintiff therein makes no claim to the property or fund. Our decision on this point on the former appeal was predicated principally upon the decision in *Morgan* v. *Mutual Benefit Life Ins. Co.* (189 N. Y. 447), which the court in *Hanna* v. *Stedman* (*supra*) neither overruled nor deemed sufficiently in point to require that it be distinguished or even considered. I am of opinion that this case cannot be distinguished on principle from *Morgan* v. *Mutual Benefit Life Ins. Co.* (*supra*). There, as here, the action was brought against the insurance company and the beneficiaries under an insurance policy present and payable here; and the facts there differed from those here presented only in that there the plaintiff claimed only a part interest in the policy by way of an equitable lien upon it and upon the proceeds thereof, while here the plaintiff claims and has shown an equitable assignment of the entire policy and the right to the whole amount payable thereunder. The beneficiaries in that case, as here, were non-residents of the State, and it was there held that the policy to which the action related constituted specific personal property within the State within the purview of subdivision 5 of section 438 of the Code of Civil Procedure, authorizing service by publication, and that jurisdiction over the beneficiaries was obtained by such service. Said subdivision 5 of section 438 expressly authorizes such service where the action affects the title to specific personal property as well as where it relates to an *interest* therein or *lien* thereon. The defendant is a domestic corporation, and the policy was expressly made payable in this State, where it was issued and assigned to the plaintiff and where she and her husband resided and where it was in her possession when the action was commenced and when it was tried. The action was brought for a judgment affecting the ownership of the policy by divesting the beneficiary of any interest therein and vesting the title and ownership thereof in the plaintiff who holds it, and requiring payment thereof by the insurance company to her. This, therefore, is plainly as between the plaintiff and the beneficiary, an action *in rem*

and one affecting the right and title to specific personal property. (*Morgan* v. *Mutual Benefit Life Ins. Co.*, *supra; Holmes* v. *Camp*, 219 N. Y. 359.)

I, therefore, vote for affirmance.

MERRELL, J., concurs.

Judgment reversed and new trial ordered, with costs to appellant to abide event.