JOHN DEVOY, Appellant, v. WALTER NELLES, Respondent.

First Department, July 1, 1921.

Interpleader — notice of application for order must be served in same manner as summons — personal action — action for money had and received — jurisdiction of non-resident cannot be obtained by service of notice of application for order of interpleader outside of State.

A notice of an application for an order of interpleader under section 820 of the Code of Civil Procedure has somewhat the effect of, and must be served in the same manner as, a summons.

In a personal action brought upon the theory of money had and received, jurisdiction of a non-resident cannot be acquired by service of a notice of an application for an order of interpleader outside the State either personally or by substitution.

APPEAL by the plaintiff, John Devoy, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of May, 1921, substituting as defendants one Hugh Montague " as treasurer of an unincorporated association of more than seven persons known as the Clan Na Gael, and New York Volks-Zeitung, a domestic corporation," in the place and stead of the defendant Walter Nelles.

*John Delahunty* of counsel [*J. J. Kirby* with him on the brief], for the appellant.

*Murray C. Bernays* of counsel [*Hale, Nelles & Shorr,* attorneys], for the respondent.

GREENBAUM, J.:

The action is brought to recover the sum of $5,000 upon the theory of money had and received by the defendant to the use of the plaintiff.

Section 820 of the Code of Civil Procedure requires that notice of the application for an order of interpleader shall be given to the claimant and the adverse party.

The affidavits of service of the notices on the alleged claimants do not state where either of them was served. The obvious purpose of such a notice is to bring the claimant before the court and give him an opportunity to assert his claim. It has somewhat the effect of a summons and must be served in the same manner as a summons is required to be served.

The affidavit of defendant shows that he wrote to the claimant, treasurer Hugh Montague, addressing him as residing at 127 Autumn street, Passaic, N. J., and that Montague in making answer to that letter refers to his place of business as at No. 1 Montgomery street, Jersey City, N. J. The presumption which was conceded upon the argument is that Montague was served in the State of his residence. In our opinion there was no proof of a valid service upon the alleged claimant Clan Na Gael.

The court cannot acquire jurisdiction by service of the notice on a non-resident outside the State, either by personal service, or by substituted service, and such service is not a compliance with the requirement as to notice of section 820 of the Code.

In *Bullowa* v. *Provident Life & Trust Co.* (125 App. Div. 545) the court said (at p. 548): " The Code requires notice to the party to be brought in and does not leave it to the court to prescribe what that notice shall be. It necessarily follows that it must be personal notice or the equivalent thereof, and it needs the citation of no authorities to show

that the courts of one State cannot obtain jurisdiction over citizens and residents of another State by notice served by mail or served personally without the State. It is also evident that these provisions of the Code of Civil Procedure contemplate that the notice shall be such that the court may thereby obtain jurisdiction over the party without the service of other process and may thereupon, if the facts warrant it, make the order discharging the original defendant and substituting the new defendant thus brought in on notice. It would seem, therefore, that this section of the Code of Civil Procedure does not authorize such a substitution of a nonresident unless service is made personally within our own State or the party voluntarily appears and submits to the jurisdiction of the court."

This is a personal action and not one *in rem.* The most recent utterance on that subject is the Court of Appeals in *Hanna* v. *Stedman* (230 N. Y. 326). To the same effect is *Rosenthal* v. *United Transportation Co.* (196 App. Div. 540).

In *Hanna* v. *Stedman* (*supra*) the head note correctly summarizes the opinion as follows: " 2. Actions or proceedings *in rem* have for their subject specified property which is within the jurisdiction and control of the court to which application for relief is made and do not include an action of interpleader wherein the plaintiff sought and obtained a judgment determining to which one of several conflicting claimants it should pay moneys conceded by it to be due upon a personal claim to some one."

It follows that so far as Hugh Montague, as treasurer of the Clan Na Gael, is concerned the order must be reversed. As to the Volks-Zeitung, since it has defaulted on the motion for the interpleader and it does not clearly appear that it even asserts a claim, the order in its entirety is reversed, with ten dollars costs and disbursements, and the motion for interpleader is denied, with ten dollars costs.

Clarke, P. J., Laughlin, Dowling and Merrell, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.