BESSIE F. MONDIN, as Receiver and Sequestrator of the Property of BRUNO MONDIN, Appellant, *v.* BRUNO MONDIN et al., Respondents, et al., Defendants.

First Department, June 22, 1948.

*Sidney S. Allen* for appellant.

*Thomas W. Geary* of counsel (*Choate, Mitchell & Ely,* attorneys), for Bruno Mondin and Agnes Cole appearing specially for the purpose of contesting the jurisdiction of the court and for no other purpose, respondents.

SHIENTAG, J. This is an action brought by the receiver and sequestrator of the personal property of the receiver's husband, Bruno Mondin. Plaintiff seeks to have declared null and void an assignment made by Bruno Mondin of an insurance policy upon his life to the defendant Agnes Cole; to compel delivery to plaintiff of the policy and the payment to her of all proceeds and benefits; to have the defendants account for benefits received from the policy; and to restrain defendant insurance company from otherwise appropriating or disposing of the policy or its benefits.

The policy was issued in 1926. The insured was not married at the time but the original beneficiary named was the plaintiff with the right of revocation reserved to the insured. Plaintiff asserts that between 1926 and 1933, a substantial number of premium payments were paid with her own personal funds. In 1933, the beneficiary was changed to the executors, administrators or assigns of Bruno Mondin. On February 16, 1936, the insured changed the beneficiary to defendant Agnes Cole.

Neither Bruno Mondin nor Agnes Cole has been personally served in this action although they have been served by publication. For the purposes of this appeal, we shall assume that they are nonresidents of this State.

The theory of the complaint is that the change of beneficiary and the assignment of the policy to Agnes Cole were for the purpose of hindering and delaying plaintiff in collecting alimony due under an order of this court dated May 18, 1936, which directs Bruno Mondin to pay plaintiff $10 a week alimony and $100 counsel fee in a separation action. Since that order was made the husband has disappeared and, according to the complaint, still remains away from the jurisdiction of this court and has failed to comply with the order. The policy has a substantial cash surrender value, and hence is an asset of the debtor, and is subject to sequestration.

The appeal is readily disposed of if the property involved, namely the policy of insurance, is personal property within the State which is the subject of conflicting claims and which may be made the subject of a quasi-in-rem action. There has been some doubt expressed as to the propriety of maintaining such an action, but an examination of the precedents makes it clear that this sort of claim may be properly made the subject of such an action and that jurisdiction of nonresidents whose interests are involved may be obtained by publication.

In *Morgan* v. *Mutual Benefit Life Ins. Co.* (189 N. Y. 447), a policy had been issued upon the life of a resident of this State by a foreign insurance company duly authorized to do business here, payable to the wife of the insured if living or, if not living, to their children. The policy was assigned as security for premiums to be paid by the assignee. The beneficiary died before the insured. The children of the beneficiary resided outside of the State. The legal representatives of the assignee of the policy, after death of the insured, brought an action for the purpose of ascertaining and determining the interests of the parties to the action and to establish an equitable lien for premiums paid. The court held that the situs of the debt was in this State; that the action was one to define and enforce an interest in specific personal property within the State; and that, therefore, it was proper to serve the other claimants by publication to determine in one action the amount of the lien and the ultimate ownership of the proceeds.

Following this decision, the *Schoenholz case* came up in this department (*Schoenholz* v. *New York Life Ins. Co.*, 192 App. Div. 563). In that case an insured had named his sister, an Austrian resident, as beneficiary. He thereafter transferred the policy to the plaintiff in consideration of her consenting to marry him. No change of beneficiary was actually made and the policy was delivered to and held by the wife. After the decease of the insured, the wife brought an action in rem, serving the Austrian beneficiary by publication to have herself declared the beneficiary. This court decided that the action lay on the authority of *Morgan* v. *Mutual Benefit Life Insurance Co.* (*supra*) and a new trial was ordered

While the matter was pending, the Court of Appeals decided the case of *Hanna* v. *Stedman* (230 N. Y. 326). In that case it was held that an action of interpleader brought against the insurance association which had issued certificates to a member payable on his death to a designated beneficiary who predeceased him, which action was brought to determine conflicting claims

under the certificates, was not an action in rem or one affecting specific personal property which authorized service on a nonresident defendant by publication. In that case the amount payable under the certificates had been collected from the members of the association and had not been separately set apart or appropriated to the payment of the certificates. The court held that the liability of the association was a mere personal liability to whoever might be entitled to collect the money from it and that no title or lien upon specific personal property was involved in the action of interpleader. As stated by LAUGHLIN, J., in his dissenting opinion in *Schoenholz* v. *New York Life Ins. Co.* (197 App. Div. 91, 97–98): " The controlling principle enunciated by that decision is that to constitute an action *in rem* there must be a prayer for the determination of rights with respect to specific property within the jurisdiction of the court and the judgment therein must operate upon the property, and that an action of interpleader is not such an action, for the reason that the plaintiff therein makes no claim to the property or fund."

It is true that the majority of this court, when the *Schoenholz* case came before it the second time (197 App. Div. 91), reversed themselves and held that on the authority of *Hanna* v. *Stedman* (*supra*) the action by Mrs. Schoenholz was not an in rem action. That holding however, seems to have been based upon a misconstruction of the *Hanna* case because when the second judgment in the *Schoenholz case* reached the Court of Appeals (234 N. Y. 24, the same judge (HISCOCK, Ch. J.), who had written in *Hanna* v. *Stedman* (*supra,* p. 28) said: " Assuming for the purposes of this discussion, without deciding it, that this was an action *in rem* wherein jurisdiction could be obtained by service of the summons by publication, we think that the other defense urged by the Insurance Company interposes insuperable obstacles to a recovery by plaintiff." The case was decided on the ground that there had been no proper change of the Austrian beneficiary and the plaintiff did not prevail.

That the decision in *Hanna* v. *Stedman* (*supra*) refers only to interpleader actions is confirmed by the decision of the Supreme Court of the United States in *New York Life Insurance Co.* v. *Dunlevy* (241 U. S. 518) a decision relied on in *Hanna* v. *Stedman* (*supra*). There the court also decided that service by publication on a nonresident was insufficient in an interpleader action but pointed out that such service would have been sufficient in, for instance, a garnishment proceeding. The court said (pp. 520–521): " Beyond doubt, without the necessity of further personal service of process upon Mrs. Dunlevy, the Court of Common

Pleas at Pittsburgh had ample power through garnishment proceedings to inquire whether she held a valid claim against the insurance company and if found to exist then to condemn and appropriate it so far as necessary to discharge the original judgment. Although herself outside the limits of the State such disposition of the property would· have been binding on her. *Chicago, R. I. & P. Ry.* v. *Sturm,* 174 U. S. 710; *Harris* v. *Balk,* 198 U. S. 215, 226, 227; *Louis. & Nash. R. R.* v. *Deer,* 200 U. S. 176; *Balt. & Ohio R. R.* v. *Hostetter,* 240 U. S. 620; Shinn on Attachment and Garnishment, § 707. See *Brigham* v. *Fayerweather,* 140 Massachusetts, 411, 413. But the interpleader initiated by the company was an altogether different matter. This was an attempt to bring about a final and conclusive adjudication of her personal rights, not merely to discover property and apply it to debts. * * * '' (See, also, 22 Col. L. Rev. 152, 154.)

The nature of a claim against specific personal property has since been made clearer by the Court of Appeals in *Feuchtwanger* v. *Central Hanover Bank* (288 N. Y. 342). There, the plaintiff had purchased certain specific Federal reserve notes in Holland which were delivered to the Bank of Montreal with instructions to hold them for the account of a Paris bank in favor of plaintiff. The Paris bank without plaintiff's consent caused the notes to be transmitted for deposit to its credit with a New York bank. At no time did the account of the Paris bank after this wrongful deposit fall below the amount that was added thereto by the wrongful deposit of plaintiff's notes. The Court of Appeals held that the trial court was warranted in impressing a trust upon the funds of the French bank on deposit with the New York bank for the amount of the claim and that jurisdiction of the French bank was gained by publication since the complaint demanded judgment that the defendant be excluded from a vested or contingent interest in or lien upon specific real or personal property within the State under section 232 of the Civil Practice Act. The court said (p. 345) : '' This very judgment shows that such an intangible *res* is so far capable of explicit designation as to be ' *specific* personal property ' within the meaning of section 232.'' In support of this statement the Court of Appeals once more cited *Morgan* v. *Mutual Benefit Life Ins. Co.* (189 N. Y. 447, *supra*), a case which is substantially the same as the case at bar, namely a case to determine plaintiff's interest in an insurance policy.

From this examination of the cases it is clear that a life insurance policy is personal property which may be the subject

of a quasi-in-rem action. As evidence of a debt a policy of insurance is a chose in action and, hence, personal property. The situs of the debt is in this State and the question presented by this complaint involves a claim of wrongful disposition of the policy itself, by assignment thereof in fraud of creditors by the husband who owned the policy and who had become indebted to his wife for her support. The policy has a claimed actual present cash surrender value of some $1,236, and thus is a debt presently available to the creditor of the insured if the assignment was improper.

We hold that under the circumstances of this case the court may properly secure jurisdiction of both the husband, who is before the court in the separation action, and his assignee by service by publication. Whether all the relief asked for in the complaint may be granted, since the parties may possibly not be subject to injunction, need not now be decided. But the main question of whether the transfer was in fraud of creditors can certainly be decided. The orders should be reversed each with $10 costs and disbursements to the appellant and the motions denied, with leave to the defendants-respondents to answer within ten days after service of orders, with notice of entry thereof, on payment of said costs.

PECK, P. J., and VAN VOORHIS, J., concur; GLENNON and DORE, JJ., dissent and vote to affirm.

Orders reversed each, with $10 costs and disbursements to the appellant and the motions denied, with leave to the defendants-respondents to answer within ten days after service of the orders, with notice of entry thereof, on payment of said costs. Settle order on notice.