Jacob J. Sohwartzwald, J.
Motion by the defendant and interpleading plaintiff, Massachusetts Mutual Life Insurance Company (hereinafter referred to as “ Insurer ”) for an order pursuant to subdivision (f) of section 1006 of the Civil Practice Law and Buies, as follows: authorizing and directing the Insurer as stakeholder to pay into court to the credit of this action the proceeds of a group insurance policy certificate with interest as provided by said section, and upon said deposit being made, discharging the Insurer from further liability; and, for an award of expenses, costs and disbursements to be paid out of the fund so deposited.
The action is one to declare, as to the proceeds here involved, an oral express trust in favor of the children of decedent Charles Kern, as opposed to the claim of one of the children, the defendant Hoffman (nee Kern) to the entire proceeds as named beneficiary.
Plaintiffs oppose the instant motion of the Insurer upon the ground that the Insurer, after having instituted defensive inter-pleader, was guilty of “ gross laches ” and lack of diligence and good faith in failing, for a period of more than three years, to bring within the jurisdiction of the court one of the adverse claimants, present plaintiff Madeline Damore, a nonresident of this State. It is the contention of plaintiffs that had the Insurer exercised diligence, such jurisdiction could have been ‘1 completed,” and that the fund in question could then have been placed on deposit with the court at savings bank rates more than three years previous hereto instead of remaining in the hands of the Insurer. The Insurer replies that since the claimant Damore was a nonresident and the claimant Henry Kern 11 had no address ” where service could be made, service of process upon the said claimants could not be effected by the Insurer, and the defensive interpleader instituted in this action could not properly be maintained so as to permit deposit of the proceeds in court until, as has since happened, those claimants submitted themselves to the jurisdiction of the court for the first time by *660 joining with the plaintiff Paul Kern as individual plaintiffs in the present action.
There is no showing, nor does it appear, that the payment into court at this time of the fund in question would work a prejudice to the plaintiffs; hence, the Insurer will be permitted to make such payment into court and thereupon be discharged from further liability.
Plaintiffs’ charges of laches, and lack of diligence and good faith, are pertinent only as regards so much of the Insurer’s instant motion as seeks to have the accrued interest on the proceeds computed at the lowest discount rate of the Federal Reserve Bank of New York as provided by subdivision (f) of section 1006 of the Civil Practice Law and Rules, and to have the Insurer’s expenses, costs and disbursements in the action charged to said funds. The question that presents itself in this connection is whether the Insurer can be deemed to have been lax and not acting in good faith as regards its alleged failure to obtain jurisdiction over the claimants Damore and Henry Kern. Upon this question, the court perceives no merit in the contention advanced by plaintiff to the effect that subdivision 1 of section 286 of the Civil Practice Act provided means for acquiring jurisdiction in rem or quasi in rem in the situation presented in the instant case. Subdivision 1 applies only where the subject matter of the action is specific real or personal property within the State. It has no application where the subject matter consists of an obligation for the payment of money (see Hanna v. Stedman, 230 N. Y. 326). It appears that subdivision 2 of said section 286, which was not cited by plaintiffs, made provision for the deposit in court by a stakeholder of a sum of money representing the debt or obligation of the stakeholder, with such fund to be deemed a res upon which interpleader jurisdiction could be based so as to dispense with the need for acquiring jurisdiction over the person of nonresident claimants. However, in view of the question which exists as to the constitutional validity of that procedure (see annot., McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, § 1006, “ Practice Commentary ” and ‘ ‘ Legislative Studies and Reports ”), the court is not prepared to hold that the Insurer in the instant case was guilty of laches or lacking in good faith in failing to avail itself of such procedure.
The instant motion is accordingly granted, with an award for expenses, costs and disbursements reasonably and actually incurred by the Insurer, to be fixed in the order to be entered hereon upon submission of statements furnishing the data in support of the request for such allowance.