SOLICITOR FOR THE AFFAIRS OF HIS MAJESTY'S TREASURY, Plaintiff, *v.* BANKERS TRUST COMPANY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, April 30, 1951, on reargument, May 21, 1951.

*Eustace Seligman, Howard T. Milman* and *H. Bartow Farr, Jr.,* for plaintiff.

*Chester Bordeau, James Bruce* and *Haliburton Fales, II,* for defendant.

*David Paine* for Robert Tennent, applicant for intervention, on reargument.

BOTEIN, J. This is a motion to strike the answer of the defendant Bankers Trust Company. The complaint alleges that a domiciled national of the United Kingdom had on deposit with the defendant a sum of United States dollars; that by means of a Vesting Direction made pursuant to the Exchange Control Act of the United Kingdom the balance of the account with the defendant vested in the Treasury of the United Kingdom, which had assigned that right to the plaintiff. The plaintiff made demand upon the defendant for payment, and upon its refusal, brought the within action.

Upon defendant's motion an order was entered in this court on February 27, 1950, requiring that notice be given pursuant to section 51-a of the Civil Practice Act to the defendant's depositor, a nonresident. Pursuant to the order, the defendant

paid into court the amount of the deposit standing to the credit of its depositor (the claimant). The period of one year afforded the claimant under the provisions of section 51-a to intervene herein has expired, the claimant has not intervened, and now the plaintiff moves to strike the answer of the defendant bank, upon the ground that the defendant has no longer any standing to interpose such an answer.

The defendant contends, in essence, that the plaintiff should be put to its proof that it is entitled to the money, and that the defendant should not be denied the opportunity to protect itself against liability in other jurisdictions for payment of an unfounded claim. This latter contention is based upon the argument that section 51-a is in form and effect merely a Statute of Limitations, and as such affects remedies but not rights.

Section 286 of the Civil Practice Act expressly provides that the plaintiff in an action of interpleader may apply for an order permitting him to pay the amount of the debt into court and '' be discharged from any further liability to any of the defendants in such action ''. Section 287 of the Civil Practice Act expressly provides that the defendant in an action specified in that section may apply for the substitution of an adverse claimant and for the movant's discharge from liability on his paying into court the amount of the debt. Section 287-d of the Civil Practice Act expressly provides for the discharge from liability of a party obtaining an order permitting him to deliver into court specific personal property or to retain it to the credit of the action.

However, section 51-a contains no provision that if the defendant, in lieu of furnishing an undertaking, pays into court an amount to be fixed by the court, it shall be discharged from further liability. Plaintiff claims that defendant's discharge is provided for in section 133 of the Civil Practice Act, which contains a general provision to the effect that a party bringing money into court pursuant to the direction of the court is discharged thereby from all further liability to the extent of the money so paid in.

The difficulty with applying this provision to the instant case is that section 51-a contains language tending to indicate that the failure of the Legislature to provide for the discharge of the defendant to the extent of the amount paid into court was not inadvertent, but intentional. Thus, section 51-a reads in part as follows '' The stay as herein provided shall be vacated and the undertaking, if any has been given, may be discharged or modified, *or the sum deposited remitted in whole or in part,*

as justice may require, upon proof to the court *by any party to the said action* that the said claimant has intervened therein or has instituted another action in any court of this state to recover the said sum of money or any part thereof exceeding fifty dollars in amount.

" An application for any relief as prescribed in this section must be made on notice to all other parties to the action." (Italics supplied.)

While the claimant has not intervened herein, the foregoing is quoted as bearing upon the status of the defendant bank, which has paid a sum of money into court pursuant to section 51-a. The italicized language appears to indicate that the Legislature contemplated that the defendant who furnished an undertaking or paid money into court pursuant to an order under section 51-a was not to be discharged but was to continue as a party to the action; that he could, as such party, apply for remission of the deposit, in whole or in part, on proof that the claimant had intervened or started another action. The language above quoted from section 51-a, seems to be inconsistent with the theory relied upon by plaintiff that the payment into court discharged the defendant and left the action with no adverse party. The application for a discharge or modification of the undertaking or the remission of the amount deposited would obviously not be made by the plaintiff in the action. Since the language expressly refers to such application by any party to the action, it could not have been intended to authorize such an application only by an intervening claimant. It must have been intended that the party furnishing the undertaking or making the deposit would remain as a party to the action and, as such, be eligible to apply for a remission of the deposit.

The court's conclusion is confirmed by the fact that the amount to be paid into court, like the amount of the undertaking to be fixed by the court, is not required to be the same as the amount sued for. Section 51-a provides merely for the fixation by the court of such amount " as justice may require ". The purpose of the provision is apparently only to protect the plaintiff against the possibility that the defendant may become financially irresponsible during the year for which the action is stayed under section 51-a.

The court, accordingly, holds that the defendant, notwithstanding its deposit into court, remains a party to the action. The motion is, accordingly, denied.

(On reargument, May 21, 1951.)

MOTION for reargument is granted but upon such reargument the original determination is adhered to. Under the provisions of section 51-a of the Civil Practice Act, if the claimant, Mrs. Maitland-Tennant, did not intervene in the present action, but instead commenced a separate action in any court of this State, the present defendant would be among those authorized to apply for remission in whole or in part of the sum deposited. The section permits remission " upon proof to the court by any party to the said action that said claimant * * * has instituted another action in any court of this state ". Since, if claimant had not intervened but instead had brought a separate action she would not be a party to the present action, and since it is unlikely that the plaintiff would be the one to apply for a remission of a payment paid into court, the Legislature must have contemplated that the application for remission would be made by the defendant. At any rate the section uses the words " by any party to the said action " and this language is clearly broad enough to include others than the plaintiff.

It would seem to follow from the use of the language above referred to that the Legislature intended that the defendant was to remain a party to the action notwithstanding the making of a deposit into court pursuant to an order issued under section 51-a (*supra*). It is true that Mrs. Maitland-Tennant has neither intervened nor brought a separate action. This does not, however, affect the validity of the court's interpretation of section 51-a (*supra*) as contemplating that a defendant paying money into court pursuant to an order made under that section was to remain a party to the action.

If plaintiff's interpretation of section 51-a is correct and the defendant ceased to be a party to the action upon making payment into court, the defendant, would not be included in the words " any party to the said action " and would, therefore, not have been eligible to apply for a remission of the deposit had Mrs. Maitland-Tennant commenced another action. In that event Mrs. Maitland-Tennant would likewise not have been eligible to apply for a remission of the deposit, since she also would not be a party to the action and the only one remaining eligible to apply for such remission would be the plaintiff who would not be expected to make such an application.