SOLICITOR FOR THE AFFAIRS OF HIS MAJESTY'S TREASURY, Appellant, *v.* BANKERS TRUST COMPANY, Respondent.

Argued April 16, 1952; decided July 15, 1952.

*Howard T. Milman, Eustace Seligman* and *Henry N. Ess, III,* for appellant.   I. A defendant who invokes section 51-a of the Civil Practice Act drops out of the action.   (*Osborne* v. *Banco Aleman-Antioqueno,* 176 Misc. 664; *Koninklije Lederfabriek " Oisterwijk " N. V.* v. *Chase Nat. Bank,* 177 Misc. 186, 263 App. Div. 815; *Standard Oil Co.* v. *New Jersey,* 341 U. S. 428; *Security Bank* v. *California,* 263 U. S. 282; *Terry* v. *Southwestern Bldg. Co.,* 43 Cal. App. 366; *Bassett* v. *Leslie,* 123 N. Y. 396; *Carter* v. *Thornton,* 93 F. 2d 529; *Union Pac. R. Co.* v. *Belek,* 211 F. 699; *American Sur. Co. of N. Y.* v. *Ryan,* 185 La. 678; *Waples* v. *Police Beneficiary Assn.,* 156 Pa. Superior Ct. 592.)   II. The language of section 51-a compels the conclusion that a defendant invoking its protection and depositing the fund in court becomes a disinterested party to the action. III. Defendant's answer is not justified by the claimed hazard of double liability.   (*Hughes* v. *Fetter,* 341 U. S. 609; *Davis* v. *Mills,* 194 U. S. 451; *Zimmermann* v. *Sutherland,* 274 U. S. 253.) IV. The mere possibility that some foreign jurisdiction might entertain a subsequent suit by Mrs. Maitland-Tennent will not be recognized by the New York courts as constituting a hazard of double liability.

*Chester Bordeau, James Bruce* and *Haliburton Fales, II,* for respondent.   I. Section 51-a of the Civil Practice Act is a Statute of Limitations.   II. Defendant has a right to answer.   (*Scheffer* v. *Erie Co. Sav. Bank,* 229 N. Y. 50.)   III. Plaintiff's contention that section 51-a extinguishes the claim of the adverse claimant is unsound.   (*Hanna* v. *Stedman,* 230 N. Y. 326; *N. Y. Life Ins. Co.* v. *Dunlevy,* 241 U. S. 518; *Federal Motorship Corp.* v. *John-*

*son & Higgins,* 192 Misc. 401, 275 App. Div. 660.) IV. Defendant's right to answer is unaffected by the running of a Statute of Limitations against one claimant to the fund. (*Ramsden* v. *Knowles,* 151 F. 721; *Equity Corp.* v. *Groves,* 53 A. 2d 505 [Del.]; *Warner* v. *Buffalo Drydock Co.,* 67 F. 2d 540, 291 U. S. 678; *State* v. *Porter,* 21 Cal. 2d 45, 318 U. S. 757; *Johnson* v. *Albany & Susquehanna R. R. Co.,* 54 N. Y. 416; *House* v. *Carr,* 185 N. Y. 453.) V. The purported tender of a bond is immaterial in this proceeding. (*Community Volunteer Fire Co.* v. *City Nat. Bank,* 171 Misc. 1027; *Back* v. *Bowery Sav. Bank,* 162 Misc. 403.) VI. Mrs. Maitland-Tennent has not voluntarily surrendered her claim. VII. The defenses interposed are meritorious. (*Segal* v. *National City Bank of N. Y.,* 269 App. Div. 986; *Curry* v. *Mackenzie,* 239 N. Y. 267; *Bollack* v. *Société Generale,* 263 App. Div. 701, 293 N. Y. 652; *Halsey* v. *Bank of N. Y. & Trust Co.,* 270 N. Y. 134; *Stuyvesant Credit Union* v. *Manufacturers Trust Co.,* 239 App. Div. 187; *Bercholz* v. *Guaranty Trust Co. of N. Y.,* 179 Misc. 778; *Schwartz* v. *Schwartz,* 190 Misc. 757; *Merilaid & Co.* v. *Chase Nat. Bank,* 189 Misc. 285; *Plesch* v. *Banque Nationale de la Republique d'Haiti,* 273 App. Div. 224, 298 N. Y. 573.) VIII. Mrs. Maitland-Tennent is an indispensable party. (*Republic of China* v. *American Express Co.,* 95 F. Supp. 740; *Gallopin* v. *Winsor,* 234 App. Div. 601; *Ezra* v. *Lamont,* 149 Misc. 912, 265 N. Y. 635.)

LEWIS, J. On March 11, 1947, there became effective in the United Kingdom the Exchange Control Act, 1947 (10 & 11 Geo. 6, ch. 14), pursuant to which persons resident in the United Kingdom (with exceptions not here material) were required on October 1, 1947 — in accord with a Treasury order authorized by section 2 of said act — to exchange for the equivalent in pounds sterling, certain enumerated foreign currency, including United States dollars. On that date Margaret Louisa Maitland-Tennent, a British national residing at Cammo House, Cramond Bridge, Midlothian, Scotland — to whom it will be convenient to refer as Mrs. Maitland-Tennent — had on deposit in a demand account with the defendant, Bankers Trust Company, in New York City, a sum which exceeded $117,000. Following failure by Mrs. Maitland-Tennent to comply with official demand made upon her under the Exchange Control Act that she

exchange for pounds sterling the credit balance of American dollars in her account in the defendant bank, and in accord with provisions of that act, the Treasury of the United Kingdom, by a vesting order dated June 27, 1949, took action which — according to the complaint herein — vested in His Majesty's Treasury the balance of her account then on deposit with the defendant. Thereafter the Treasury assigned its right to such funds to the Solicitor for the Affairs of His Majesty's Treasury, the plaintiff herein. Claiming ownership — by virtue of such vesting order — of funds in the name of Mrs. Maitland-Tennent then on deposit with the defendant, the plaintiff Solicitor made a demand upon the defendant for payment. Upon refusal of such demand the plaintiff, on November 14, 1949, instituted the present action in the Supreme Court, New York County, to recover from the defendant all funds then standing to the credit of such depositor.

Upon being served with the complaint in this action the defendant endeavored by various means to communicate with Mrs. Maitland-Tennent. Unsuccessful in those efforts, the defendant, on November 25, 1949, moved at Special Term of the Supreme Court for an order permitting it to serve upon its depositor a notice pursuant to section 51-a of the Civil Practice Act*, informing her that pursuant to that statute her right to

---

\* Insofar as material the Civil Practice Act (§ 51-a) provides as follows:

" § 51-a. *Action to be commenced within one year after notice.* 1. No action for the recovery of any sum of money due and payable under or on account of a contract, or for any part thereof, shall be commenced by any person who has made claim to said sum, after the expiration of one year from the giving of notice, as hereinafter provided, to the said claimant that an action commenced by another person is pending to recover said sum or any part thereof exceeding fifty dollars in amount. The limitation herein prescribed shall not be construed to enlarge the time within which the cause of action, if any, of the said claimant would otherwise be barred.

" 2. If any person shall make claim for the recovery of any sum of money due and payable under or on account of a contract, and an action has theretofore been, or shall thereafter be, commenced by another person to recover the said sum or any part thereof exceeding fifty dollars in amount, the defendant in such action may, within twenty days from the date of service upon him of the complaint therein, or within twenty days from the date of receipt by him of said claim, whichever shall occur later, make application to the court in which the said action is pending, upon notice to the plaintiff, for an order permitting the defendant to give notice to the said claimant that such action

intervene in the present action, or to commence an independent suit to enforce her claim to the funds involved herein, was limited to one year and ten days from the date of said notice. That motion was opposed by the plaintiff Solicitor who made a cross motion for an order requiring defendant to furnish either a bond in amount to be fixed by the court or that defendant pay such amount into court. On February 27, 1950, a Special Term order was entered permitting the defendant to send by registered mail to Mrs. Maitland-Tennent a notice in form pre-

---

is pending. The court in which such action is pending must grant such order where it appears that a person not a party to the action has made claim against the defendant for the said sum of money or a part thereof exceeding fifty dollars in amount; that the said action was brought without collusion between the defendant and the plaintiff therein; and that the said claimant cannot, with due diligence, be personally served with process within this state. Such order shall provide, among such other terms and conditions as justice may require, that notice shall be given to the said claimant by sending by registered mail a copy of the summons and complaint in such action and the said order and notice addressed to the said claimant at his last known address. The notice, as herein prescribed, shall be in substantially the following form:

" ' To.....................: Notice is hereby given to you pursuant to an order of the.................... Court: .................... County, dated the.................... day of.................... 19..., that an action has been commenced against the undersigned and a summons and complaint served therein, a copy of each of which is enclosed herewith. The plaintiff in said action seeks to recover a sum of money to which you have made claim. The said sum exceeds fifty dollars and is alleged to be due and payable under or on account of a contract. Your right to commence an action to enforce your claim to the said money or to intervene in the said pending action is, pursuant to Section 51-a of the Civil Practice Act of the State of New York, limited to one year and ten days from the date of said order. Nothing contained in this notice shall be construed to enlarge the time within which your cause of action, if any, would be barred if this notice had not been given.'

" In the event that registration of mail directed to any country or part thereof shall be discontinued or suspended, notice to a claimant whose last known address is within such country or part thereof, as the case may be, shall be given by ordinary mail, under such terms and conditions as the court may direct.

" Proof that such notice has been mailed shall be filed within ten days from the date of the order; otherwise the order becomes inoperative. Upon such filing, notice as herein prescribed shall be deemed to have been given on the tenth day after the date of such order.

" 3. Upon proof by affidavit or otherwise, to the satisfaction of the court, that an action is pending therein for the recovery of any sum of money due

scribed by section 51-a of the Civil Practice Act, and requiring in addition that defendant either post a bond in an amount equal to the balance of her deposit or pay such amount into court. (197 Misc. 381.) In accord with that order the defendant paid into court an amount equal to such balance. Thereafter the defendant's time to answer the complaint herein was extended by stipulation until after the expiration of the stay of one year for which provision was made ten days after the notice to Mrs. Maitland-Tennent was mailed.

---

and payable under or on account of a contract, and that some person not a party to the action, without collusion with the defendant in the said pending action, has claimed or demanded the said sum of money or any part thereof, exceeding fifty dollars in amount, and that the defendant in said action has given due notice to the claimant, as hereinbefore prescribed, that such action is pending, the court shall make an order staying further prosecution of the said action for a period not to exceed one year from the date when said notice shall have been given to the said claimant.

" At the time of the granting of such order or at any time thereafter, the court, upon the application of any party, must, as a condition of the granting of the said order or its continuation, as the case may be, impose upon the defendant such terms as justice may require as to the furnishing of an undertaking in an amount to be fixed by the court, or in lieu thereof the payment into court of such a sum.

" The stay as herein provided shall be vacated and the undertaking, if any has been given, may be discharged or modified, or the sum deposited remitted in whole or in part, as justice may require, upon proof to the court by any party to the said action that the said claimant has intervened therein or has instituted another action in any court of this state to recover the said sum of money or any part thereof exceeding fifty dollars in amount.

" An application for any relief as prescribed in this section must be made on notice to all other parties to the action.  *   *   *

" 5. Whenever an action has been commenced for the recovery of any sum of money due and payable under or on account of a contract and the records of the defendant therein show that (1) a person other than the plaintiff, or (2) a person appearing thereon to be a deputy, officer or agent of the plaintiff, has the right, exclusive of other deputies, officers or agents of the plaintiff, to demand, sue for and recover the same sum of money or any part thereof exceeding fifty dollars in amount, either in his own name, on his own behalf, or as the authorized deputy, officer or agent for the plaintiff, and the defendant has received no notice of transfer, revocation, or other change in right or authority acceptable to it, the person so appearing on the said records shall be deemed to have made an adverse claim to the said sum of money or any part thereof and may be treated for the purpose of the pending action as an adverse claimant."

In due time the defendant interposed herein an amended answer containing denials of knowledge or information as to certain material allegations of the complaint and, as complete and partial defenses, alleged upon information and belief that Mrs. Maitland-Tennent was entitled to be paid in the United Kingdom such sum in sterling as she would have received if she had sold the dollars to an authorized dealer pursuant to the Exchange Control Act and that nothing had yet been paid to her; that the aforesaid sum in sterling was less than the true value of the dollars and that the alleged vesting thereof was confiscatory and contrary to public policy of the United States and of the State of New York and accordingly was void and of no effect in the State of New York. In addition the defendant's answer alleges upon information and belief, as a complete defense, that the sum in question, which defendant has paid into court pursuant to court order, is the property of Mrs. Maitland-Tennent who is still living and is an indispensable party to this action and has not been joined as a defendant herein.

Thereafter, the plaintiff moved at Special Term to strike the defendant's answer upon the following grounds, among others: that Mrs. Maitland-Tennent, during the year following her receipt of notice given to her by the defendant pursuant to section 51-a of the Civil Practice Act, had failed to intervene herein or to make claim by suit or otherwise to the funds on deposit in the defendant bank; that she is not an adverse claimant to the funds comprising such deposit and has no right to interpose a claim or defense in the present action and that the defendant has no right to interpose a claim or defense in her behalf.

At Special Term plaintiff's motion to strike defendant's answer was denied. (200 Misc. 383.) At the Appellate Division, where the order of Special Term was affirmed, one Justice dissenting (279 App. Div. 565), leave to appeal to this court was granted and the following question was certified: " Did the Special Term err as a matter of law in denying plaintiff's motion to strike defendant's answer? "

As the scope of our review is limited to the question thus certified (*Matter of McDonald*, 211 N. Y. 272, 276; *Gregoire v. G. P. Putnam's Sons*, 298 N. Y. 119, 125; Cohen and Karger,

Powers of the New York Court of Appeals, p. 363), we note at the outset that the relation of the defendant bank to Mrs. Maitland-Tennent, as its depositor, is that of debtor and creditor, with all the legal implications that relationship connotes. (*Matter of Delaney,* 256 N. Y. 315, 319; *Baldwin's Bank* v. *Smith,* 215 N. Y. 76, 82.) That elemental legal relationship, when considered with the fact of record herein that the plaintiff Solicitor brings this action as assignee of the Commissioners of His Majesty's Treasury, an agent of a foreign sovereign — without having made an effort either to sue or to interplead Mrs. Maitland-Tennent — makes applicable a statement by Judge CARDOZO, as he then was, writing for this court in *Scheffer* v. *Erie Co. Sav. Bank* (229 N. Y. 50, 53–54): "The defendant is in the same position as any other debtor of whom payment is demanded by one who asserts a title as assignee. It pays at its peril * * * but so does any other debtor responding to a like demand * * *. If it doubts the assignment, and finds an adverse claimant, it may compel the claimants to interplead, and fight their battle between themselves * * *. If it is unwilling to interplead, *or if the adverse claimant is not found, it must put the plaintiff to the proof, and wage the contest as it can.*" (Emphasis supplied.) In the present case where Mrs. Maitland-Tennent, an adverse claimant (§ 51-a, subd. 5), has made no response to the statutory notice served upon her, the defendant bank by interposing its answer has chosen to " * * * put the plaintiff to the proof, and wage the contest as it can." By doing so we think — in the circumstances disclosed by this record — the defendant is within its legal rights.

The enactment of section 51-a of the Civil Practice Act (L. 1939, ch. 805) was prompted by the existence of unsettled political conditions in Europe and the Orient at a time when business enterprises owned by political refugees were taken over by foreign liquidators appointed by their governments. In the confusion which followed there were instances where both refugees and liquidators made claim against New York businessmen, banks or insurance companies for the same debt. In those circumstances such New York debtors could not safely pay either claimant without a judicial determination of the question as to which claimant was entitled to be paid. (See

Circular, No. 50, pp. 147–148 [1939] by Henry S. Fraser, Legislative Reporter. of New York State Bar Assn.; Association of Bar of City of New York, Yearbook, 1939, pp. 234–235.)

As to whether Mrs. Maitland-Tennent may be considered in any sense a party to the present action it is to be noted that the United States Supreme Court in *Pennoyer* v. *Neff* (95 U. S. 714, 724–727) and this court in *Hanna* v. *Stedman* (230 N. Y. 326, 335) have ruled that a debt is not a *res* which serves as a basis constitutionally to empower a court to adjudicate a creditor's rights in an action *in rem*. Action to enforce payment of a debt is an action *in personam* which requires jurisdiction over the person of the parties, obtainable — where the person involved is not a resident of the State of the forum — either by personal service upon him in the jurisdiction of the forum or by his voluntary appearance in the action. In the case at hand not only is there lacking proof of personal service upon Mrs. Maitland-Tennent in this jurisdiction, or a voluntary appearance by her in this action, but no service of process of any kind has been made upon her. In other words, no attempt has been made to make her a party to this action. Section 51-a provides only for the giving of *notice* of the pendency of the action and of rights incident to the receipt of such notice. Indeed the notice in the present case went no further than to inform Mrs. Maitland-Tennent that unless she intervened in this action, or instituted a separate action to enforce her claim within one year and ten days from the date of the notice she would lose her right to enforce such claim in the courts of New York.

Found, as it is, in article 2 of the Civil Practice Act, which bears the title " Limitations of Time ", section 51-a is nothing more than a Statute of Limitations, the effect of which outside the jurisdiction of New York is questionable. (See article on New York Interpleader Statutes, by Professor Louis R. Frumer, 25 N. Y. U. L. Rev. 737, 803 [1950].) True it is that, as a Statute of Limitations, section 51-a is effective, after the period prescribed therein, to bar any claim by Mrs. Maitland-Tennent *in New York*. We conclude, however, that it has no adverse effect upon the right of the defendant, in the circumstances which prompted the pending action, to file an answer and contest the claim of the plaintiff. (See Prashker on New York Practice, § 289, pp. 335–336.)

As bearing upon the inquiry presented by the question certified to us, the plaintiff argues in support of its motion to strike the defendant's answer that, having paid into court the funds in suit, the defendant is no longer a party to this action and, in any event, has no remaining interest in the litigation. That result, we are told, follows from language found in section 133 of the Civil Practice Act: "A party bringing money into court pursuant to the direction of the court is discharged thereby from all further liability to the extent of the money so paid in." Agreeing, as we do, with the view of the learned Justice at Special Term, that section 133 *id.* is not applicable to the present case, we find in section 51-a language which leads us to conclude that the omission by the Legislature of any provision for the discharge of a defendant to the extent of the amount paid into court, was intentional. In that connection we think it significant that, although sections 286, 287 and 287-d of the Civil Practice Act — wherein is set forth procedure applicable to proceedings in actions of interpleader — make provision for the discharge of the party who has paid money or has delivered personal property into court, section 51-a contains no provision that where, as in the present case, the defendant has paid into court the amount "fixed by the court", it is thereby discharged from further liability. Thus, in authorizing the granting of a stay not to exceed one year from the date the statutory notice is given to the claimant, subdivision 3 of section 51-a provides:

"The stay as herein provided shall be vacated and the undertaking, if any has been given, may be discharged or modified, or the sum deposited remitted in whole or in part, as justice may require, upon proof to the court by any party to the said action that the said claimant has intervened therein or has instituted another action in any court of this state to recover the said sum of money or any part thereof exceeding fifty dollars in amount.

"An application for any relief as prescribed in this section must be made on notice to all other parties to the action."

We read the language last quoted above as indicating a legislative intent that, upon proof that the claimant on whom notice has been served has either intervened or started an independent action to recover the fund in suit, the defendant which has paid the money into court pursuant to a court order, is not to be

discharged but thereafter, as a " party to the said action ", may apply for remission, in whole or in part, of the fund deposited. In those circumstances it is not reasonably to be expected that the plaintiff would make the application for remission of the funds paid into court. As the statute refers to the application for remission as one to be made by " any party to the said action " the Legislature could not have intended thereby to authorize such application only by an intervening claimant. The legislative intent, we think, is manifest that the party making the deposit remains a party to the action and, under conditions specified in the statute, may apply for remission of all or part of the sum paid into court. Furthermore, it would seem that, inasmuch as the statute does not require the amount of the bond or of the sum paid into court to be the amount for which suit is brought, but only such amount as may be " fixed by the court ", the legislative purpose was security — to protect the plaintiff against change in circumstances which might occur during the period of the stay to cause the defendant to become financially irresponsible.

Additionally, we suggest that if, as plaintiff argues, the present defendant lost its status as a party to this action immediately upon paying into court the amount " fixed by the court ", the plaintiff, in the absence of Mrs. Maitland-Tennent as an adverse claimant, would thereupon become entitled to the entire fund for which the action was instituted without having proved its right thereto. We do not believe the Legislature so intended.

Likewise, we are unable to agree with the plaintiff's contention that the law governing interpleader applies to the present case and results in denying to the defendant — which has deposited in court the fund in question — the right to contest plaintiff's title thereto. In actions of interpleader contesting claimants are made parties, and thus — as parties — they are in a position to protect their own rights. However, section 51-a does not contain provisions which would result in making of an adverse claimant a *party* to the suit unless such claimant by some voluntary action becomes a party. When, as in the present case, an adverse claimant is without the jurisdiction of the court, no process, as we have seen, may constitutionally be invoked to make her — against her will — a party to this action which, in character, is *in personam*. In actions of interpleader

there may be no reason for a disinterested stakeholder to remain a party, for all adverse claimants are made parties and are thus in a position to protect their rights, whereas, in an action in which section 51-a is invoked, all adverse claimants may not be parties and there is obvious reason why the stakeholder should remain as a party to the action, not only to put the plaintiff to proof of his right to the fund he claims, but also to permit the defendant to fend against the hazard of double liability.

That hazard of double liability is especially pertinent in the present case, where it appears of record that the defendant has funds on deposit in banks in sixteen States outside the State of New York. Although some of those States have " borrowing statutes " under which, in prescribed circumstances, Statutes of Limitation of other jurisdictions may be applied, there are six States where such statutes are not in effect. It follows that, in at least six jurisdictions foreign to New York, the defendant is vulnerable to suit by Mrs. Maitland-Tennent, its depositor-creditor.

We find no legal basis for striking the defendant's answer, which action would deprive the defendant of the right in this jurisdiction to defend on the merits and thereby " put the plaintiff to the proof ", and would weaken the defendant's position in possible suits by its depositor-creditor in one or more of six foreign jurisdictions.

Accordingly, the order should be affirmed, with costs. The certified question should be answered in the negative.

LOUGHRAN, Ch. J., CONWAY, DESMOND, DYE and FROESSEL, JJ., concur; FULD, J., dissents and votes to reverse and answer the question certified in the affirmative on the grounds set forth in the dissenting opinion of Justice SHIENTAG at the Appellate Division.

Order affirmed, etc.