HENRY L. BARBER et al., as Ancillary Executors of NATHAN V. STEINBERG, Deceased, Plaintiffs, *v.* WESTCHESTER BANK & TRUST COMPANY, Defendant.

Supreme Court, Special Term, Bronx County, March 26, 1954.

*Monroe E. Stein* for plaintiffs.

*Homer W. Lane* for defendant.

MATTHEW M. LEVY, J. One Steinberg died on March 20, 1953. On that date, either as maker or indorser, he was indebted to the defendant bank upon certain promissory notes in the total amount of $11,929.66, and on that date he had on deposit with the bank the sum of $8,224.22. The plaintiffs are executors of his estate. On May 21, 1953, they opened a checking account with the bank entitled " Estate of Nathan V. Steinberg, Deceased ", by depositing the sum of $15,000. Thereafter, and on July 20, 1953, by consent of the executors and the bank, and without reservation or limitation, the bank transferred to the estate account the sum of $8,224.22, which transfer was effected by debiting the decedent's account and crediting the estate

account. This account was maintained by the executors as an active checking account with many deposits and withdrawals. The balance on September 30, 1953, was $25,329.75. On November 6, 1953, without any previous consent by, or advice to, the executors, the bank debited the estate account with $11,614.81, to charge up the indebtedness of the past loans to Steinberg, and on November 16, 1953, the bank debited the estate account an additional $314.85 representing interest and protest fees payable on Steinberg's obligations, making a total of $11,929.66, the amount of the decedent's obligations to the bank. The decedent's estate is insolvent, and his creditors will not be paid the full amount of their respective claims.

The executors sue to recover $11,614.81, the balance in the account in the name of the estate prior to the first debit charged against it by the bank. The defendant has counterclaimed for $455.60, which represents 15% attorneys' fees, as provided for on several of the notes signed by Steinberg. There is no dispute as to the facts. (The obligations of the decedent seem to have been initially to the New Rochelle Trust Company but no point is made as to the decedent's present indebtedness to the defendant The Westchester Bank & Trust Company.) Both parties move for summary judgment and the motions are accordingly consolidated.

The opening of the account and the subsequent deposits made therein created and continued a debtor-creditor relationship between the bank and the plaintiffs. (*Solicitor For The Affairs of His Majesty's Treasury* v. *Bankers Trust Co.*, 304 N. Y. 282, 291.) When, in July, 1953, the bank voluntarily closed out the decedent's account and transferred the balance therein to the ·plaintiffs' account, the immediate result was that the plaintiffs became the bank's creditors in that sum. The bank was no longer the debtor of the decedent, and its right to set off such account as against the notes due from the decedent was lost (*Matter of Tietje,* 263 F. 917, 925). The fact that the plaintiffs' account was in the name of the estate of the decedent and not in the name of his executors as depositors does not affect the situation. Entitling the account in the name of the estate and not in the names of the executors of the estate was a matter of convenience and not of substance. And in view of the present facts, the decedent and his estate were separate entities as depositors. That the respective debit and credit were " merely bookkeeping entries " (as claimed by the defendant) is of no legal moment. Banking procedures in day-to-day commerce are quite frequently based upon bookkeeping practices, and they

may result in definitive rights and obligations. They are not any the less effective because there was no physical transfer or exchange. This was not a case of mistake or fraud or over-reaching. The funds in the decedent's account were in legal effect paid over to the plaintiffs, just as if the cash had been withdrawn from the decedent's account and paid over to the plaintiffs. No strings were attached at the time to the consensual transaction in July, 1953, and defendant could not thereafter, in November, 1953, unilaterally effectuate a change to the detriment of the plaintiffs and the creditors of the estate (*Thompson* v. *Whitmarsh,* 100 N. Y. 35; *Patterson* v. *Patterson,* 59 N. Y. 574).

The plaintiffs' motion is granted. The defendant's status is that of a general creditor. The defendant's motion is denied, except that with respect to the counterclaim, the plaintiffs on the argument consented to an allowance thereof as a general creditor. Settle order.