France J. **CORDNER**, Plaintiff,

v.

**METROPOLITAN LIFE INSURANCE COMPANY and Socony Mobil Oil Company, Inc.**, Defendants.

United States District Court
S. D. New York.
May 21, 1964.

Pross, Smith, Halpern and Lefevre, New York City, for plaintiff.

Friend, Kinnan, Post & Friend, New York City, for Metropolitan Life Ins. Co., Edward T. Post, New York City, of counsel.

Herbert C. Smyth, New York City, for Socony Mobil Oil Co., Inc.

Feldman, Kramer, Bam & Nessen, New York City, Jerome Lipper, New York City, of counsel, for Patricia Ann Lundeen.

PALMIERI, District Judge.

This is a motion by defendant Metropolitan Life Insurance Company (Metropolitan) for joinder of parties pursuant to Rule 13(h), Fed.R.Civ.P., and for interpleader pursuant to Rule 22(1), Fed. R.Civ.P.

Joseph F. Cordner, deceased, was, at the time of his death on October 2, 1962, an employee of defendant Socony Mobil Oil Company, Inc., (Socony). On May 1, 1956, he became insured under the terms of Group Policy of Insurance No. 103, in effect between Socony and Metropolitan, and received at that time Certificate No. 158460. In that certificate, it was provided that all benefits payable at his death should be made payable to his children, "Maureen Joan and Michael Joseph, 50% each." These children were the issue of the marriage of Joseph F. Cordner to Patricia Ann Cordner.

Patricia Ann Cordner subsequently obtained a divorce from the deceased, and remarried. Now, as a resident of Minneapolis, Minnesota, and under her new name, Patricia Ann Lundeen, she is one of the parties whom Metropolitan seeks to bring into the action. The others are the children, Maureen Joan Cordner and Michael Joseph Cordner, and Northwestern National Bank of Minneapolis (Northwestern).

The plaintiff in this action, France J. Cordner, is the widow of Joseph F. Cordner. It is her claim that, prior to his death, on or about May 11, 1961, Joseph F. Cordner had executed a change of beneficiaries, and that at the time of his death, the proceeds were payable one-fourth to plaintiff, and the remaining three-fourths to Northwestern, to be held in trust for the uses set forth in decedent's Last Will and Testament. Defendant Metropolitan denies having received notice of this purported change of beneficiaries, as required by the terms of the insurance policy.[1]

On November 5, 1963, Patricia Ann Lundeen commenced an action against Metropolitan in the United States District Court for the District of Minne-

---

1. The relevant portion of the insurance policy is as follows:

"Section 15. Change of Beneficiary.— The Employee may, from time to time, change the beneficiary by filing written notice thereof with a duly authorized representative of the Insurance Company, accompanied by this certificate. Such change shall take effect upon endorsement thereof by the Insurance Company on this certificate, and, unless the certificate is so endorsed, the change shall not take effect. After such endorsement the change will re-

sota, to recover the proceeds of decedent's policy on behalf of her children. The trial of this case appears to be imminent. The action before this Court was commenced three weeks later, on November 26, 1963, by France J. Cordner against Metropolitan and Socony, to recover the proceeds of the policy under the terms of the asserted change of beneficiaries. Because of these conflicting claims to the proceeds of this policy, Metropolitan has brought the instant motion in an effort to have the conflict resolved by the determination of a single tribunal.

## The Inapplicability of Rule 22, Fed.R.Civ.P.

It should be noted that Metropolitan is proceeding under paragraph (1) of Rule 22, and not under paragraph (2) of that rule, relating to statutory interpleader as provided for by 28 U.S.C. §§ 1335, 1397 and 2361. The reason given for this by Metropolitan is that an action for statutory interpleader must be brought in the district where one of the claimants resides—in this case either Minnesota or North Dakota.[2] And, if the statutory interpleader action were commenced either in Minnesota or North Dakota, service of process on France J. Cordner, as required by 28 U.S.C. § 2361, would not be possible, and she could not be interpleaded.

In her brief in opposition to Metropolitan's motion, Patricia Ann Lundeen claims that, under Rule 22(1), Fed.R. Civ.P., this Court lacks jurisdiction over her and the other parties sought to be interpleaded, because service of process on the parties in Minnesota was not proper. This claim is based on the assertion that service may be made, pursuant to Rule 4(f), Fed.R.Civ.P., "anywhere within the territorial limits of the state in which the district court is held

late back to and take effect as of the date the Employee signed said written notice of change, whether the Employee be living at the time of such endorsement or not, but without prejudice to the Insurance Company on account of any payment made by it before receipt of such written notice."

\* \* \*," and that service in Minnesota for a district court in New York is, therefore, improper.[3] This would be true even under the 1963 amendment to the rule, providing that service in a case such as the instant one may be made anywhere within the United States and a 100-mile radius of the place where the action is commenced. Clearly, Minnesota does not fall within this radius.

Professor Moore has stated the general rule under Rule 22(1):

"An action under paragraph (1) is like any other civil action brought under 28 U.S.C. § 1332 [diversity of citizenship]. The ordinary rules of jurisdiction and venue, applicable to cases based on diversity as defined in § 1332, govern \* \* \*. Process of the court is not more extensive than in the ordinary action; in other words, Rule 4(f) applies and the summons may be served anywhere within the territorial limits of the state in which the district court is held." (3 Moore's Federal Practice, 2d ed., ¶ 22.04[2] at 3009–10.

It was because of the limited scope of service provided by Rule 22 (1) that statutory interpleader, pursuant to Rule 22(2) and 28 U.S.C. §§ 1335, 1397 and 2361, has come into existence. See 3 Moore's Federal Practice, 2d ed., ¶ 22.06, for the legislative history of the Interpleader Act. Section 2361, dealing with process and injunction procedure, permits service of process throughout the United States. See Rule 4(e), Fed.R.Civ.P. Section 2361 also provides, as Rule 22(1) does not, for the issuance of injunctions restraining interpleaded claimants from "instituting or prosecuting any proceeding in any State or United States court affecting the property

2. All of the claimants are residents of Minnesota except France J. Cordner who, though living in Libya, claims to be a citizen of North Dakota.

3. See Pan American Fire & Casualty Co. v. Revere, 188 F.Supp. 474 (E.D.La. 1960).

\* \* \* involved in the interpleader action \* \* \*." It would, of course, if Metropolitan were to succeed here, be necessary for this Court to enjoin Patricia Ann Lundeen from prosecuting her Minnesota action. This Court has no desire to interfere with the proceedings before the Minnesota District Court. As Professor Moore states:

" \* \* \* it may now be proper, in at least some cases brought under Rule 22(1) to enjoin the defendants, who have been served with process within the *state*, from instituting or proceeding with actions on their claims. This is an entirely different matter than an injunction, which may be served anywhere within the nation and issuing in an action where a summons has nationwide effect. Section 2361 \* \* \* should, therefore, apply only to statutory interpleader as authorized by § 1335, and should not be extended to non-statutory interpleader actions under Rule 22(1)." (3 Moore's Federal Practice, 2d ed., ¶ 22.13 [2] at 3046.)

Metropolitan admits that if such an injunction does not issue restraining the prosecution of the Minnesota action, "the very purpose of joining and interpleading [Patricia Ann Lundeen, her children, and Northwestern] herein so that their claims may be litigated at the same time with all interested and necessary parties before a single court, will be nullified." It may well be that the purpose of the joinder and interpleader motions will be negated by the failure of an injunction to issue, but Metropolitan has elected, whether through necessity or otherwise, to move for interpleader under section (1) of Rule 22, and under that section of the rule, an injunction will not lie.

Patricia Ann Lundeen, in opposing the motion, relies on the case of Metropolitan Life Ins. Co. v. Chase, 294 F. 2d 500 (3rd Cir. 1961). That case, while not on all fours with the instant motion, furnishes this Court with persuasive guidance in this case. In the Chase case, the defendant in the interpleader action sued Metropolitan in the District Court for the District of Columbia to recover the proceeds of an insurance policy on the life of her deceased alleged husband. Metropolitan then brought suit in the District Court of New Jersey and sought to interplead the alleged widow and the children of the deceased by a previous marriage. All of the interpleaded parties, save one, were residents of New Jersey; none, including the alleged widow, was a citizen of the District of Columbia. Metropolitan, in its interpleader action, sought to enjoin the further prosecution of the action in the District of Columbia. In affirming the issuance by the New Jersey District Court of the injunction, the Court of Appeals said:

"The appellant asserts that the District Court for the District of Columbia could have acquired jurisdiction by counter-claim filed under Rule 22 of the Federal Rules of Civil Procedure, 28 U.S.C.A., of the interpleader controversy between the appellant and the other defendants to the present lawsuit. We do not agree. For the latter individuals were not amenable to personal service in the District of Columbia, and such personal service upon them in the District would have been a prerequisite to the acquisition by that court of jurisdiction of such a counterclaim under Rule 22. 3 Moore's Federal Practice, 2d ed., ¶ 22.04. A counterclaim for interpleader under Rule 22 is to be distinguished in this respect from an original action of interpleader brought under 28 U.S.C. § 1335 in which latter action process may be served upon defendants in any district as specifically authorized by 28 U.S.C. § 2361. Moreover, the venue of an original action of interpleader could not properly have been laid in the District of Columbia under 28 U.S.C. § 1397 since none of the claimants resides in the District. The District Court

did not err in enjoining the further prosecution of the District of Columbia action." (294 F.2d at 502).

While the Court in the Chase case issued an injunction, it did so in an original action of interpleader, and not an action, as in the instant case, brought under Rule 22(1). Of particular interest is the treatment, by the Court of Appeals in Chase, of appellant's assertion that jurisdiction of the interpleader could have been acquired by the District Court for the District of Columbia were appellant to file a counterclaim under Rule 22(1). The Court of Appeals not only disagreed with this assertion, but stated that venue was not even proper for an original action of interpleader.

The facts in the instant case are sufficiently analogous to require a similar conclusion. Wholly apart from the fact that there is no appropriate basis for this Court to stay the parties from proceeding in the prior action in the District Court of Minnesota, the parties sought to be interpleaded herein are not amenable to service of process in this district under Rule 22, and the venue of this action is questionable since, again, as in Chase, none of the claimants resides within this district, or this state.

■ The same considerations would seem to dispose of Metropolitan's motion for joinder under Rule 13(h), as that Rule permits the joinder of additional parties "if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action."

Metropolitan further contends that jurisdiction over Patricia Ann Lundeen can be obtained pursuant to either 28 U.S.C. § 1655, or Section 314 of the New York Civil Practice Law and Rules.

### The Inapplicability of 28 U.S.C. § 1655

Section 1655 gives a district court the discretionary power to order substituted service on defendants who are either outside the state, or unwilling to appear. Such an order may issue "[i]n an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district * * *."

The principal case construing Section 1655 appears to be Kohagen v. Harwood, 185 F.2d 276, 30 A.L.R.2d 201 (7th Cir. 1950). In that case, it was held that an action to recover previously paid patent royalties was not within Section 1655. Moreover, "an action to have determined the interest or partial ownership of plaintiffs in such royalty" was held to be without the purview of the section. The Court stated, 185 F.2d at 278:

"The mere statement of such contention refutes the theory that they have a 'claim' (as that word is used in the statute) upon 'personal property' located in the district. In fact, all that plaintiffs have is a lawsuit wherein they may or may not be able to establish a right * * *."

While none of the cases relied upon by the Court in Kohagen involved the proceeds of a life insurance policy, they are relevant to the instant case. In Vidal v. South American Securities Co., et al., 276 Fed. 855, 873 (2d Cir. 1922), it was held that a suit to enforce the payment of a debt and for an accounting was insufficient to show a lien or claim upon property within the district. In Wabash R. Co. v. West Side Belt R. Co., 235 Fed. 645 (W.D.Pa.1916), it was held that choses in action (railroad bonds secured by a mortgage) which disclosed a debt owing by a citizen of the district to a nonresident debtor were not property within the meaning of the statute. It should be noted that in the instant case, none of the claimants, to at least one of whom Metropolitan acknowledges a debt, is a resident of the district. And, in Dan Cohen Realty Co. v. National Savings & Trust Co., et al., 125 F.2d 288 (6th Cir. 1942), it was held that a suit to enforce a contract for the conveyance of land was a proceeding *"in personam"* and not *"in rem,"* and that such an action did not

involve a claim on property within the district.

 Under the doctrines of the Kohagen and Wabash R. Co. cases, especially, it would seem fairly clear that what is involved in the instant case is at best a *lawsuit*, by one or both of the claimants, *to establish a claim* to what is not, according to Wabash, property within the district. Section 1655 is not, under these *rules*, available to Metropolitan here.

### The Inapplicability of New York CPLR § 314

Metropolitan finally asserts that the court can obtain jurisdiction over Mrs. Lundeen and the other parties in Minnesota pursuant to Section 314 of the New York Civil Practice Law and Rules. That section permits service without the state:

\* \* \* \* \* \*

"2. where a judgment is demanded that the person to be served be excluded from a vested or contingent interest in or lien upon specific real or personal property within the state; or that such an interest or lien in favor of either party be enforced, regulated, defined or limited; or otherwise affecting the title to such property, including an action of interpleader or defensive interpleader \* \* \*."

Section 314 is invoked in this action pursuant to Rule 4(e), Fed.R.Civ.P., which provides in part:

"Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, or (2) for service upon or notice to him to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of his property located within the state, service may in either case

be made under the circumstances and in the manner prescribed in the statute or rule."

The question thus becomes one of whether the proceeds of an insurance policy, as in the instant case, constitute specific property so as to bring this case within the purview of Section 314. This question would seem to have been definitively answered by the New York Court of Appeals in Hanna v. Stedman, 230 N.Y. 326, 130 N.E. 566 (1921). That case involved, *inter alia*, the determination of the beneficiary to a life insurance policy issued by a fraternal organization. Speaking of the proceeds of that policy, the Court stated:

"The defendant under its certificates had incurred a personal liability to some one for given sums of money. That obligation constituted a personal claim against it. As a means of paying this claim it collected moneys by levying an assessment upon its members. The moneys thus collected, however, were not even kept in a separate fund, but were deposited in a general account called the beneficiary fund wherefrom I apprehend all claims of this character were paid. Least of all were the claims of the beneficiary, whoever he might be, transferred from the defendant as an obligor to the fund which had been collected by it merely as a means and for the purpose of discharging the obligation. The claim of the certificate holder remained a personal one, and not a right in or lien upon specific property. The defendant, fearing that it might be subjected to double or triple payment of one claim, commenced its action in interpleader, wherein it named all of the conflicting claimants as defendants. In that action it did not even supply the superficial appearance of an action in rem by bringing into court and depositing the moneys to which conflicting claims were being made. But, even if it had, this would not have chang-

ed in any manner the nature of the action." (230 N.Y. at 333–334, 130 N.E. at 568).

More recently, in Solicitor for the Affairs of His Majesty's Treasury v. Bankers Trust Co., 304 N.Y. 282, 107 N.E. 2d 448 (1952), the New York Court of Appeals said:

" * * * it is to be noted that the United States Supreme Court in Pennoyer v. Neff, 95 U.S. 714, 724–727, 24 L.Ed. 565, and this Court in Hanna v. Stedman, 230 N.Y. 326, 335, 130 N.E. 566, 569, have ruled that a debt is not a *res* which serves as a basis constitutionally to empower a court to adjudicate a creditor's rights in an action *in rem*. Action to enforce payment of a debt is an action *in personam* which requires jurisdiction over the person of the parties, obtainable— where the person involved is not a resident of the State of the forum —either by personal service upon him in the jurisdiction of the forum or by his voluntary appearance in the action." (304 N.Y. at 292, 107 N.E.2d at 452).

■ It is clear from the Hanna case that the instant action is not one involving a "right in or lien upon specific property." Furthermore, it is clear from

the Solicitor, etc. case that the requirements for obtaining jurisdiction there set down have not been fulfilled herein with respect to the parties in Minnesota.

It should be noted that both the Hanna case and the Solicitor, etc. case were decided prior to the enactment of Section 314 of the CPLR, which represented a change from the law existing at the time those cases were decided.[4] The purpose of the changes was "to expand the availability of service by other methods of physical delivery without the state in *in rem* and *quasi in rem* actions and to discourage service by publication." 1 Weinstein, Korn and Miller, New York Civil Practice ¶ 314.01. Paragraph 2 of Section 314 deals with proceedings *in rem*, id. at ¶ 314.08, and personal property within the state, or intangible property with which the state has sufficient contact so that it may be deemed within the state, are also included within Paragraph 2 of Section 314. Id. at ¶ 314.15.

To understand the applicability of Section 314 in the instant case, it is necessary also to consider Section 1006(g) of the CPLR, which provides that, upon deposit into court of the funds which are the subject of an interpleader action, such funds "shall be deemed specific

---

4. Section 314 of the CPLR is essentially a consolidation of CPA §§ 232 and 235. Insofar as it is pertinent herein, the language of those sections follows:

*Section 232.* "An order directing the service of a summons upon a defendant, by publication, may be made in either of the following cases:

\* \* \* \* \*

"6. Where the complaint demands judgment that the defendant be excluded from a vested or contingent interest in or lien upon specific real or personal property within the state; or that such an interest or lien in favor of either party be enforced, regulated, defined or limited; or otherwise affecting the title to such property; or where it appears by affidavit that a warrant of attachment, granted in the action, has been levied upon property of the defendant within the state."

*Section 235.* "Where the complaint demands judgment that the defendant be excluded from a vested or contingent interest in or lien upon a specific real or personal property within the state or that such an interest or lien in favor of either party be enforced, regulated, defined or limited, or otherwise affecting the title to such property \* \* \* or where it appears by affidavit filed in the action or as part of the judgment roll in such action that a warrant of attachment, granted in the action, has been levied upon property of the defendant within the state, the summons may be served without an order, upon a defendant without the state in the same manner as if such service were made within the state \* \* \*."

property within the state within the meaning of paragraph two of section 314."

In a commentary on this section, it is stated that, after deposit of the funds into court, "[s]ervice by personal delivery outside the state can then be made under CPLR 314, or, if that is not possible, by publication under CPLR 315. New York Life Ins. Co. v. Dunlevy, 241 U.S. 518, [36 S.Ct. 613, 60 L.Ed. 1140] (1916), suggested that jurisdiction could not be so obtained,[5] but the Judicial Conference felt that subsequent decisions had limited the effectiveness of Dunlevy." 2 Weinstein, Korn & Miller, New York Civil Practice ¶ 1006.15.

The "subsequent cases" referred to above, Mullane v. Central Hanover Bank & Trust Co. et al., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), and Standard Oil Co. v. State of New Jersey, 341 U.S. 428, 71 S.Ct. 822, 95 L.Ed. 1078 (1951), do not seem to limit the effectiveness of the Dunlevy case. While the Standard Oil case held that choses in action (unpaid dividends and stock certificates) could escheat to the state, even though there was an unascertainable owner thereof, that case differs considerably from the instant case. And the difference was made perfectly clear by the Supreme Court in the case of Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948):

"Jurisdiction over a debtor is sufficient to give the State of his domicile some control over the debt which he owes. It can, for example, levy a tax on its transfer by will, * * * appropriate it through garnishment or attachment, * * * collect it and administer it for the benefit of creditors. * * * But we are aware of no power which the State of domicile of the debtor has to determine the personal rights of the creditor in the intangible unless the creditor has been personally served or appears in the proceeding. The existence of any such power has been repeatedly denied. Pennoyer v. Neff, 95 U.S. 714, 24 L. Ed. 565; Hart v. Sansom, 110 U. S. 151, 3 S.Ct. 586, 28 L.Ed. 101; New York Life Ins. Co. v. Dunlevy, 241 U.S. 518, 36 S.Ct. 613, 60 L.Ed. 1140. (other citations omitted)." (334 U.S. at 548, 68 S.Ct. at 1218).

It is thus eminently clear that jurisdiction over the Minnesota claimants cannot be obtained by service either through the mails or by publication. And, in light of the doctrine enunciated in the Dunlevy and Estin cases, it seems unlikely that personal service, effected anywhere save in New York State, would give this Court jurisdiction over them. This is in fact borne out by the very caption to Section 314: "Service without the state not giving personal jurisdiction in certain actions." And since this action has been held to require personal jurisdiction over claimants, New York Life Ins. Co. v. Dunlevy, supra, 241 U.S. at 521, 36 S.Ct. 613, Section 314 is not here applicable, its own lan-

5. In Dunlevy, the Supreme Court held that an action in interpleader to determine the validity of a claim to the proceeds of a life insurance policy:

"* * * * was an attempt to bring about a final and conclusive adjudication of [Mrs. Dunlevy's] personal rights, not merely to discover property and apply it to debts. And unless in contemplation of law she was before the court, and required to respond to that issue, its orders and judgments in respect thereto were not binding on her." (241 U.S. at 521, 36 S.Ct. at 614).

Having thus held that an action similar to that in the instant case was a personal action, the Court went on to say:

"The established general rule is that any personal judgment which a state court may render against one who did not voluntarily submit to its jurisdiction, and who is not a citizen of the state, nor served with process within its borders, no matter what the mode of service, is void, because the court had no jurisdiction over his person." (241 U.S. at 522–523, 36 S.Ct. at 614).

guage regarding actions of interpleader notwithstanding.

It follows, therefore, that the motion of Metropolitan must be denied in all respects. This result obviates any conflict between this Court and the District Court in Minnesota. Since it was in that Court that Mrs. Lundeen initiated her suit to recover the insurance proceeds, it is appropriate that the action there, which appears to be on the point of trial, and which was the first of the two actions, should continue without interference. Additionally, this result seems appropriate in view of the strong pleas of economic hardship advanced by Mrs. Lundeen as a ground of objection to interpleader in this Court. The resolution of the Minnesota action may well serve to limit the scope of the litigation pending before this Court through the possible application of the rule of collateral estoppel. See Zdanok, et al. v. Glidden Co., 327 F.2d 944, 954–955 (2d Cir. 1964).

Motions denied.

It is so ordered.